■ In the Matter of the Arbitration between DE REVE & COMPANY et al., Appellants, and INTSEL CORPORATION, Respondent.—Order, Supreme Court, New York County, entered August 4, 1978, temporarily staying arbitration pending a hearing to determine whether a valid agreement to arbitrate was entered into by the parties, unanimously reversed, on the law, and the motion for a permanent stay of arbitration is granted, with $50 costs and disbursements of this appeal payable to appellants by respondent. The petitioner De Reve & Company and the respondent Intsel Corporation are in the business of buying and selling metals. Intsel's claim is that on May 2, 1978 a metal trader from Intsel, Ralph Klein, received a call from Morris Goldstein, a partner at De Reve, in which Goldstein offered to sell 17,000 pounds of cobalt at $8 a pound. Klein accepted the offer by telephone later that day. An Intsel purchase-order form was mailed that day to De Reve. The form contained an arbitration clause. Klein signed the form on behalf of Intsel. De Reve received the form in the mail on May 11 but, rather than signing and returning it, De Reve sent a letter denying the confirmation and denying any contract entered into between the parties. Intsel commenced an arbitration proceeding against De Reve, and De Reve in turn moved at Special Term to stay arbitration. Special Term temporarily stayed arbitration pending a hearing to determine whether the parties had entered into a valid agreement to arbitrate. We would reverse and grant a permanent stay of arbitration. There is a dispute between the parties as to whether an oral agreement was reached on May 2; however, the issue before Special Term was whether the parties agreed to arbitrate, and not whether there was merit to the underlying dispute *(Matter of Prinze [Jonas],* 38 NY2d 570, 574). The rejection by De Reve of the written "confirmation" from Intsel immediately upon its receipt precludes a finding that the parties agreed to arbitrate, since, even assuming an initial oral agreement existed, the inclusion of an arbitration clause in the written confirmation amounts to a material alteration of a contract for the sale of goods *(Matter of Marlene Inds. Corp. [Carnac Textiles],* 45 NY2d 327, 334), which was not accepted by De Reve. In this posture, we need not reach the question of the effect of subdivision (2) of section 2-201 of the Uniform

Commercial Code upon the rights of the parties. Concur—Kupferman, J. P., Birns, Lane and Markewich, JJ.